## Regelman, etc., v. Brennan

*P. H. Burke* and *J. W. P. Burke*, for plaintiff.

*B. V. O'Hare, Jr.*, for defendant.

DALTON, J., November 1, 1954.—The petition to stay the distraint sets forth the following allegations. On May 5, 1954, defendant served notice of distraint on plaintiff under the provisions of the Landlord and Tenant Act of April 6, 1951, P. L. 69, sec. 302, 68 PS §250.302. On May 8, 1954, plaintiff entered an action to defalcate in this court to the above term and number, pursuant to section 307 of the act, 68 PS §250.307, for the purpose of determining a set-off which plaintiff claims against defendant. On the same day notice of the action to defalcate was personally served on defendant, and or about May 12, 1954, the complaint was likewise

served upon her. Notwithstanding the pendency of the defalcation action, defendant is about to proceed with the distraint and sell the goods of plaintiff distrained upon. Plaintiff alleges that he is unable to bring an action in replevin, since more than five days have elapsed since notice of distraint was served upon him. He further asserts that the goods distrained upon are necessary to the continuance of his business. He therefore requests the court to stay further proceeding under the distraint pending final determination of the action to defalcate.

Defendant has filed preliminary objections to the petition, consisting of a motion to strike off the petition and a demurrer.

The motion to strike off has not been pressed and is deemed abandoned.

The demurrer reads as follows: "The facts set forth in the petition do not set forth a cause of action, plaintiff having a complete and adequate remedy at law."

The objection has no application in the circumstances here presented. The action to defalcate in itself is an action at law. It is a remedy specifically given to the tenant by the statute, in addition to other remedies. The petition to stay the distress has not been filed on the equity side of the court. It is an application to the law side of the court, presented in the course of the defalcation action, wherein the court is asked to issue ancillary process in aid of the purpose sought to be attained by the principal action. The demurrer, being based upon irrelevant grounds, must be overruled.

There is, however, a question of jurisdiction, of which the court is bound to take notice. The question is this: Does a court of common pleas, *sitting as a court of law*, have jurisdiction to stay or restrain proceedings under a landlord's distress, pending final de-

termination of a tenant's action to defalcate brought in that court?

The purpose of the action to defalcate is to ascertain the amount of set-off which should be allowed by the landlord before proceeding with the distress: Stern's Trickett on Landlord and Tenant, p. 231, sec. 229. In aid of that purpose, the Act of April 6, 1951, P. L. 69, sec. 307, provides:

"If the landlord shall proceed to sell any personal property after notice of any such proceeding to defalcate and before judgment in his favor thereon, he shall be liable in trespass to double the amount by which the sum realized from such sale exceeds the sum to which he shall be found to be entitled by the final judgment in the defalcation proceeding, together with the costs of suit in the defalcation proceeding, if such judgment be in his favor."

Whether the tenant's sole remedy in that regard is an action in trespass need not now be decided. Conceivably, there may be cases where such remedy would be so inadequate as to justify the intervention of a court of equity. The question which troubles us is whether *a court of law*, under the guise of ancillary process, may issue what is in substance an injunction to restrain the landlord from proceeding with his distress. The statute is silent on that point.

In Commonwealth v. Brownmiller, 141 Pa. Superior Ct. 107, 112, it was said:

"The courts under our Constitution have certain inherent rights and powers which do not depend solely upon express constitutional or legislative grants. They may do all things that are reasonably necessary for the administration of justice within the scope of their jurisdiction."

But, as the Supreme Court subsequently held in Irwin Borough School District v. North Huntingdon Township School District, 374 Pa. 134, 140, that prin-

ciple "is subject to the important qualification that the 'other issues' cognizable by the court must fall within its general jurisdiction . . . For instance, a court of equity, the completeness of whose remedy is most frequently observed, could not assume to grant a divorce to an aggrieved wife who had invoked the court's competent jurisdiction to obtain an award of support from her husband because of his desertion of her."

It will be observed that the distinction thus drawn was between the general jurisdiction of a court sitting as a court of equity and the general jurisdiction of the same court when sitting as a court of law.

Courts do not have jurisdiction over a distress proceeding as such. It is an extrajudicial proceeding whose regularity and legality can be tested only in a collateral manner. Nor does the assumption of jurisdiction in a defalcation action automatically draw the distress proceeding into the jurisdiction of the court. We conceive that the only manner in which a court could acquire jurisdiction to interfere with a distress proceeding would be by the invocation of "the strong arm of a chancellor" to restrain its course, through the issuance of an injunction which operates on the parties thereto in personam. A court of common pleas has "the power and jurisdiction of courts of chancery" (Act of June 16, 1836, P. L. 784, sec. 13, 17 PS §282), but that jurisdiction may be exercised only in the manner prescribed by the rules of equity practice promulgated by the Supreme Court. See the Act of June 16, 1836, P. L. 784, sec. 13, 12 PS §1221, and the Act of June 21, 1937, P. L. 1982, No. 392, sec. 1, as amended, 17 PS §61. To obtain an injunction from a court of equity, a party must show the absence of a full, complete and adequate remedy at law, and if he seeks a preliminary or special injunction he must also file a bond or deposit legal tender for the protec-

tion of his adversary. See Pa. R. C. P. 1531(*b*). If the same relief could be had on the law side of the court by the simple device of petition and rule, the rules of equity practice would be circumvented and nullified.

After careful consideration of the matter, we are of opinion that this court, sitting as a court of law, is without jurisdiction to stay or otherwise restrain the distress proceeding, and that application for such relief must be made to the court, sitting as a court of equity, in the manner prescribed by the Rules of Civil Procedure relating to the action in equity.

And now, November 1, 1954, the rule to show cause why the distress should not be stayed is discharged for want of jurisdiction.